**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**M.D. LOHMAN**, individually and
on behalf of all similarly situated persons,

      Plaintiff,

vs.                                                No. **CIV 02-0868 MCA/WDS**

**TAKATA CORPORATION**, et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER OF REMAND**

**THIS MATTER** comes before the Court on *Plaintiff's Motion to Remand* [Doc. No. 10] filed on August 20, 2002. Having reviewed the submissions of the parties, the relevant law, and otherwise being fully advised in the premises, the Court finds that this case does not satisfy the statutory requirements for subject-matter jurisdiction and must be remanded to the First Judicial District Court for the County of Santa Fe, New Mexico.

**I.    BACKGROUND**

Plaintiff M.D. Lohman is a resident of Bernalillo County, New Mexico who owns one or more vehicles equipped with a Takata TK-52 series seat-belt buckle. Defendants are foreign business entities that allegedly were involved in designing, manufacturing, testing, inspecting, evaluating, distributing, supplying, leasing, or selling the TK-52 series seat-belt buckle or vehicles equipped with such seat-belt buckles. According to Plaintiff, Defendants engaged in this activity with the knowledge that the TK-52 series seat-belt buckle is defective or unsafe.

On behalf of himself and other similarly situated New Mexico residents, Plaintiff's *Complaint* alleges the following causes of action under state law:  (1) fraudulent concealment; (2) violation of New Mexico's Unfair Trade Practices Act; and (3) unjust enrichment.  Plaintiff's *Complaint* seeks injunctive and equitable relief as well as compensatory and punitive damages and an award of attorney fees and costs.

In an affidavit attached to Defendants' *Notice of Removal*, it is estimated that the cost of replacing the seat-belt assembly for the types of vehicles identified in Plaintiff's *Complaint* ranges from $45.00 to $110.00, plus a labor cost for between thirty minutes and one hour of work at a rate averaging more than $45.00 per hour, and unspecified costs for shipping, handling, and providing notice to owners of the subject vehicles.

## II.     ANALYSIS

In recent years, several federal courts throughout the United States have determined that they lack subject-matter jurisdiction over this type of civil action because the complaint presents no federal question and the amount in controversy for each individual plaintiff or class member is too small to meet the requirements for diversity jurisdiction. See Zavala v. Takata Corp., No. CV 02-6818-JFW (SHx) (C.D. Cal. Oct. 16, 2002) (order attached to Plaintiff's reply brief); Kagan v. Carwell Corp., No. CV-01-00852 CAS (CWx), 2001 U.S. Dist. Lexis 4544 (C.D. Cal. Mar. 30, 2001); In re Bridgestone/Firestone, Inc. Tires Prod. Liab. Litig., 203 F. Supp. 2d 1032 (S.D. Ind. 2002); Cogburn v. DaimlerChrysler Corp., No. 1:01CV00546, 2002 WL 31165151 (M.D.N.C. Sept. 19, 2002);  Carden v. Bridgestone/Firestone, Inc., No. 00-3017-CIV, 2000 WL 33520302 (S.D. Fla. Oct. 18,

2000); Coardes v. Chrysler Corp., 785 F. Supp. 480 (D. Del. 1992). The Zavala decision, supra, specifically involved the same type of claims regarding the TK-52 series seat-belt buckle that are alleged here.

Defendants argue that Zavala is not persuasive authority because, among other things, the district court's ruling in that case did not expressly address two of the grounds for removal that are raised in this case, namely that the causes of action stated in Plaintiff's *Complaint* amount to a claim of fraud on the National Highway Traffic Safety Administration (NHTSA), and that they involve a substantial and essential element of federal law. This argument is without merit.

Although the order in Zavala may not have expressly addressed the issue of whether the plaintiff's claims in that case involved a substantial and essential element of federal law, some of the authorities cited therein do address that argument. See, e.g., Kagan, 2001 U.S. Dist. Lexis 4544, at *9 to *11; In re Bridgestone/Firestone, Inc. Tires Prod. Liab. Litig., 203 F. Supp. 2d at 1035-36; Coardes, 785 F. Supp. at 483. The Court finds these authorities to be persuasive and, therefore, determines that any references to federal law in Plaintiff's *Complaint* are not sufficient to present a federal question for the purpose of establishing subject-matter jurisdiction under 28 U.S.C. § 1331.

Further, the Court determines that the "fraud on the NHTSA" claim articulated by Defendants is not present on the face of Plaintiff's *Complaint*. Rather, Plaintiff's *Complaint* is directed at representations and concealment made to the public at large. In this respect, Plaintiff's claims are distinguishable from those at issue in Buckman v. Pltfs.' Legal Comm.,

3

531 U.S. 341 (2001).  See Dawson v. Ciba-Geigy Corp., USA, 145 F. Supp. 2d 565, 573 (D.N.J. 2001).  Plaintiff is the master of his *Complaint* and may, by eschewing claims based on federal law, choose to have his cause heard in state court.  See Caterpillar, Inc. v. Williams, 482 US. 386, 398-99 (1987).  Thus, under the well-pleaded complaint rule, federal law does not preclude Plaintiff's choice of asserting state-law claims in state court.

With regard to diversity jurisdiction, Defendants argue that the prayer for an equitable remedy of disgorgement contained in Plaintiff's *Complaint* provides a mechanism for aggregating individual claims for the purpose of meeting the amount in controversy required to establish subject-matter jurisdiction in this Court.  The Tenth Circuit has recently rejected similar attempts to aggregate individual claims for punitive damages and attorney fees for the purpose of meeting the amount in controversy requirement.  See Martin v. Franklin Capital Corp., 251 F.3d 1284, 1292-94 (10th Cir. 2001).  "The analysis for determining whether disgorgement funds should be aggregated is substantially similar to the analysis for determining whether punitive damages should be aggregated."  Harris v. Physicians Mut. Ins. Co., 240 F. Supp. 2d 715, 723 (N.D. Ohio 2003).  It follows from this analysis that the claims for disgorgement presented in this action may not be aggregated for the purpose of meeting the amount in controversy requirement.  See id. at 725.

Further, Defendants have not met their burden of showing by at least a preponderance of the evidence that the claims asserted individually by Plaintiff, or by any similarly situated individual, are sufficient to meet the amount in controversy requirement.  See Martin, 251 F.3d at 1289-90.  The Court is not persuaded that the potential cost of complying with an

injunction can be considered in meeting this requirement. See In re Ford Motor Co./Citibank (S.D.) N.A. Cardholder Rebate Program Litig., 264 F.3d 952, 958-61 (9th Cir. 2001), cert. dismissed as improvidently granted by Ford Motor Co. v. McCauley, 123 S. Ct. 584 (2002).

Finally, the Court does not find that Defendants acted improperly in asserting their position regarding removal in this case. Thus, the Court declines to award attorney fees or costs to Plaintiff. See Daleske v. Fairfield Communities, Inc., 17 F.3d 321, 324-25 (10th Cir. 1994).

### III.   CONCLUSION

For the foregoing reasons, the Court concludes that neither the amount in controversy required for diversity jurisdiction under 28 U.S.C. § 1332 nor the federal question required for jurisdiction under 28 U.S.C. § 1331 are present here. Thus, this case must be remanded to state court, each party to bear its own costs and attorney fees.

**IT IS, THEREFORE, ORDERED** that *Plaintiff's Motion to Remand* [Doc. No. 10] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and hereby is remanded to the First Judicial District Court for the County of Santa Fe, New Mexico pursuant to 28 U.S.C. § 1447(c), each party to bear its own costs and attorney fees.

**SO ORDERED**, this 28th day of March, 2003, in Albuquerque, New Mexico.

　　　　　　　　　　　　　　　　　　**M. CHRISTINA ARMIJO**
　　　　　　　　　　　　　　　　　　United States District Judge